**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.   CASE NO: 6:18-cr-134-Orl-40DCI

VINCENT SAVARESE
_____/

## ORDER

This cause is before the Court on Defendant Vincent Savarese's Motion to Find the Final Two Sentences of 18 U.S.C. § 3583(k) Unconstitutional As Written And As Applied. (Doc. 30). The Government filed a Response in Opposition, (Doc. 31), and the matter is ripe for adjudication. After carefully considering the arguments advanced by the parties, Defendant Savarese's motion is denied.

## I. BACKGROUND

On April 23, 2008, Defendant Savarese was indicted by a federal grand jury sitting in Utah. (Doc. 1-1). He was charged with possession of child pornography in violation of 18 U.S.C. § 2252A(A)(5)(B). (Doc. 1-2). Defendant Savarese ultimately entered a plea of guilty and was sentenced to 78 months in the custody of the Bureau of Prisons to be followed by a 10-year term of supervised release. (Doc. 1-1, entry 31). Supervision over Defendant Savarese was transferred to the Middle District of Florida on June 7, 2018, (Doc. 1), and supervision was accepted on June 19, 2018. (Doc. 4). One week later, the United States Probation Office filed a Petition on Violations of Supervised Release, charging that Defendant Savarese violated his supervised release by possessing child pornography. (Doc. 6).

The Magistrate Judge conducted a preliminary hearing and found probable cause to believe the offenses charged in the Petition on Violations of Supervised Release had been committed by the Defendant. (Doc. 17). A Superseding Petition was submitted on October 25, 2018, clarifying that the new criminal conduct is a federal offense under Chapter 109A, 110 or 117, or sections 1201 or 1591. (Doc. 28). The Petition provides the Court shall impose a term of not less than five (5) years imprisonment in accordance with 18 U.S.C. § 3583(k) if the violations are found to have been committed by Defendant at the Final Hearing on Revocation. (*Id.* at p. 2).

Defendant is charged with a grade "B" violation as defined by USSG § 7B1.1(a)(2), and he falls within criminal history category I, resulting in an advisory sentence of between 4 and 10 months imprisonment per USSG § 7B1.4(a), but for 18 U.S.C. § 3583(k). (Doc. 28, p. 2). Since the underlying offense of conviction is a Grade C felony, Defendant would face a maximum statutory term of 2 years imprisonment pursuant to 18 U.S.C. § 3583(b)(2), again but for 18 U.S.C. § 3583(k). That is, where the offense of conviction is possession of child pornography, § 3583(k) provides for a five-year mandatory sentence when the supervised individual commits an offense under chapter 110, overriding the otherwise applicable two-year statutory maximum. The operative statute establishing the five-year mandatory sentence reads as follows:

> (k) Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke

> the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exemption contained therein. Such term shall not be less than 5 years.

18 U.S.C. § 3583(k).

The Defendant argues the portions of the statute requiring a mandatory five-year sentence violate his Fifth and Sixth Amendment rights, "because (1) they strip the sentencing judge of discretion to impose punishment within the statutorily prescribed range and (2) they impose heightened punishment on sex offenders expressly based, not on their original crimes of conviction, but on new conduct for which they have not been convicted by a jury beyond a reasonable doubt and for which they may be separately charged, convicted, and punished." (Doc. 30, ¶ 12).

## II. DISCUSSION

The parties agree that the Sixth Amendment right to a jury trial does not apply to a hearing on a petition to revoke a defendant's supervised release, because revocation of supervised release is treated "as part of the penalty for the initial offense." *Johnson v. United States*, 529 U.S. 694, 700 (2000); *see also United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003), *cert. denied* 540 U.S. 839 (2003) (holding supervised release is part of the original sentence). Since the punishment imposed by a revocation of supervised release relates to and is part of the penalty of the original offense, the Due Process requirement of proof beyond a reasonable doubt is also inapplicable, and the Court may order revocation employing a preponderance of the evidence standard. *United States v. Cunningham*, 607 F.3d 1264, 1266-68 (11th Cir. 2010).[1]

---

[1] The Government cites a collection of opinions from nine (9) Circuit Courts supporting this proposition. (Doc. 31, p. 8).

The Supreme Court in *Johnson* held that "in order to avoid serious constitutional concerns, revocations of supervised release must be viewed as punishment for the original crime of conviction, not as punishment for the violation of the conditions of supervised release." *Johnson*, 529 U.S. at 700. The issue presented here is whether the § 3583(k)'s mandatory minimum five-year sentence—where the offense of conviction lacks a mandatory minimum—punishes at least in part the new offense conduct and is not limited to imposing punishment for the original crime of conviction.

In support of their constitutional challenge, the defense relies upon *United States v. Haymond*, 869 F.3d 1153 (10th Cir. 2017), *cert. granted*, (No. 17-1672), (Oct. 26, 2018). The issue before the Tenth Circuit in *Haymond* is the same issue that confronts this Court. In *Haymond*, the court concluded that § 3583(k) violates the Fifth and Sixth Amendments because:

> . . . (1) it strips the sentencing judge of discretion to impose punishment within the statutorily prescribed range, and (2) it imposes heightened punishment on sex offenders expressly based, not on their original crimes of conviction, but on new conduct for which they have not been convicted by a jury beyond a reasonable doubt and for which they may be separately charged, convicted, and punished.

*Haymond*, 869 F.3d at 1162. The court found § 3583(k) to be unconstitutional because it "increases the mandatory minimum penalty to which a defendant may be subjected, and does so based on facts not found by the jury." *Id.* The decision acknowledged that neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000) nor *Alleyne v. United States*, 570 U.S. 99 (2014), apply to revocation proceedings. *Id.* at 1163.

However, the Circuit Court found compelling that § 3583(k) "unquestionably increased the mandatory minimum sentence of incarceration to which [the defendant] was exposed from no years to five years, yet the jury did not make the factual finding

4

required to change his statutorily prescribed sentencing range." *Haymond*, 869 F.3d at 1164. That is, the offense of conviction—as in the instant case—does not provide for a mandatory minimum and has a maximum statutory sentence of ten years. The revocation of supervised release for the specific offense of having violated chapter 110, which includes 18 U.S.C. § 2252A, triggers a mandatory minimum sentence of five years which is not present in the offense of conviction. Accordingly, § 3583(k) increased the sentence by imposing a mandatory minimum sentence not present in the offense of conviction.

The court noted § 3583(k) "impermissibly requires a term of imprisonment based not on the original crime for which the defendant was properly convicted, but instead on the commission of a new offense—namely 'any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term of longer than 1 year can be imposed.'" *Haymond*, 869 F.3d at 1165. The court concluded that "[b]y separating these crimes from other violations [which could prompt revocation], § 3583(k) imposes a heightened penalty that must be viewed, at least in part, as punishment for the subsequent conduct—conduct for which the defendant has not been tried by a jury or found guilty beyond a reasonable doubt." *Id.* at 1166. Unlike virtually any other transgression by the defendant which results in a maximum sentence of 2 years and leaves intact the sentencing judge's discretion to impose a lesser punishment, a finding that the defendant committed one of the enumerated offenses listed in § 3583(k) mandates a five-year sentence.

The court highlighted this distinction as proof that the mandatory minimum sentence required by § 3583(k) amounts to punishment "not based on the original crime of conviction, but on the nature of the subsequent violative conduct." *Id.* After concluding

5

the five-year mandatory sentence punishes the new offense conduct and not merely the offense of conviction, the court held § 3583(k) violates the Fifth and Sixth Amendments "because it punishes the defendant with reincarceration for conduct of which he or she has not been found guilty by a jury beyond a reasonable doubt."[2] *Id.*

The *Haymond* dissent notes that "[w]ere the court correct, the problem it identifies seems like it would be true of all revocation proceedings: if a defendant is sentenced to any term of supervised release, the fact that the . . . defendant [can] be sent back to prison for an *additional* term means that 'the penalty to which a defendant *may be subjected*' has been increased based on facts not found by a jury." *Id.* at 1169 (Kelly, J., concurring in part and dissenting in part). The dissent reasons that the majority views § 3583(k) as punishing the new sex offense and not just the offense of conviction, thereby implicating Sixth Amendment protections traditionally absent in revocation proceedings, remarking that "the distinction, apparently, is that the terms of revocation differ based on what kind of new crime the defendant committed." *Id.* at 1170. The dissent found this distinction unpersuasive:

> But I see no reason why Congress cannot make that distinction. As the Sentencing Guidelines explain, under the 'breach of trust' theory applicable to the revocation of supervised release, 'the nature of the conduct leading to the revocation [can] be considered in measuring the extent of the breach of trust.' U.S. Sentencing Manual § 7A3(b) (2016). In my view, Congress can determine that the commission of certain crimes constitutes a more serious breach of trust warranting a longer term of revocation. Doing so does not thereby make the revocation proceeding a new criminal prosecution . . .

---

[2] The court also observed that § 3583(k) raises the possibility that a defendant would be charged and punished twice for the same conduct in violation of the Fifth Amendment. *Haymond*, 869 F.3d at 1167 (plurality).

*Id.* at 1171.

This Court agrees with the analysis advanced by the dissent in *Haymond* and does not find the majority's analysis compelling. Supervised release is governed by § 3583, which provides that the Court "shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision." § 3583(d). It is therefore clearly envisioned that separate criminal conduct may be considered as a basis for revocation of supervised release without that separate criminal conduct being the object of the punishment. *See id.*

When the Court revokes a defendant's term of supervised release, the defendant may be ordered to serve in prison all or part of the term of supervised release "without credit for time previously served on postrelease supervision." § 3583(e)(3). The Court may order up to five years in prison when the offense of conviction was a class A felony, no more than 3 years for a class B felony, and up to 2 years in prison for a class C or D felony. *Id.* If a defendant received the maximum statutory sentence for the offense of conviction, the sentence imposed for revocation of supervised release certainly exceeds the statutory maximum for the offense of conviction, again without implicating the protections afforded by the Fifth or Sixth Amendments.

Similarly, the supervised release statute provides for the mandatory revocation of supervised release with a mandatory term of imprisonment when the defendant possesses a controlled substance while on supervision, possesses a firearm, refuses to participate in drug testing, or tests positive for a controlled substance more than 3 times over the course of 1 year. § 3583(g)(1-4). While these offenses may be completely unrelated to the offense of conviction, and some may support an independent prosecution

(for example, felon-in-possession of a firearm), the Court "shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)." *Id.* As discussed in the dissenting opinion in *Haymond*, Congress can determine that the commission of certain crimes constitute a breach of trust so serious that incarceration is mandatory. On that sliding-scale of culpability, Congress has concluded that an individual who is on supervised release for possessing child pornography, or one of the other enumerated sex crimes, and who repeats the conduct while on supervision has engaged in a serious breach of trust that warrants a five-year sentence. If a judge may impose some term of incarceration for failing to cooperate in drug testing without offending the Constitution, the imposition of a longer sentence for a more serious breach of trust likewise does not offend the Fifth or Sixth Amendments.

### III. CONCLUSION

Simply put, the mere fact that a five-year sentence is required when a serious breach of trust has been perpetrated by a defendant who is on supervised release does not convert the punishment into a sentence for the new offense conduct and, thereby, does not implicate the right to a jury verdict beyond a reasonable doubt. This Court agrees with the opinion issued in *United States v. Carpenter*, No. 2:09–cr–36, 2017 WL 6032985 (M.D. Fla. Dec. 6, 2017), that neither *Apprendi* nor *Alleyne* apply and there is no right to trial by jury with the attendant heightened burden of proof in a revocation of supervised release proceeding. The Court also notes that notwithstanding its discretion in applying the Sentencing Guidelines, the Court may not disregard a mandatory minimum sentence. Congress has the authority to deem certain conduct as serious enough to warrant a

mandatory minimum sentence and, absent a valid constitutional challenge, this Court is duty-bound to follow the law.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Find the Final Two Sentences of 18 U.S.C § 3583(k) Unconstitutional As Written And As Applied (Doc. 30) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on December 13, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties